NO. 07-05-0172-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 16, 2005


 ______________________________



DOUGLAS ANDERSON SUPERNAW, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 107377; HONORABLE PAMELA COOK SIRMON, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Douglas Anderson Supernaw filed a notice of appeal from a judgment of
conviction rendered against him by the Potter County Court at Law No. 2. We dismiss the
appeal for want of prosecution. 

 Appellant filed his notice of appeal May 18, 2005. The clerk's record was due no
later than July 5, 2005. See Tex. R. App. P. 35.2. In response to a request from the trial
court clerk, the date for filing the clerk's record was extended to July 25, 2005, and
extended a second time to September 9, 2005, due to appellant's failure to pay the cost of
the clerk's record. The date for filing the reporter's record was extended on the request of
the court reporter to August 5, 2005, then to September 9, 2005 for the same reason. The
court reporter has attached to her requests for extension of time an order of the trial court
denying appellant's request for preparation of a reporter's record without cost. The court
has also received a copy of a May 25, 2005 order permitting withdrawal of appellant's
counsel. That order contains a notation by the trial court that appellant had not requested
appointment of counsel or filed an affidavit of indigence. See Tex. R. App. P. 20.2.

 In a letter dated July 26, 2005, this court directed counsel to certify on or before
August 15, 2005, whether appellant had requested preparation of the clerk's record and
had paid the clerk's fee, made arrangements to pay the fee or was entitled to appeal
without payment of the fee. See Tex. R. App. P. 35.3(a)(2). Our letter informed appellant
the failure to respond as directed could result in dismissal of the appeal. See Tex. R. App.
P. 37.3(b).

 A second letter dated August 10, 2005, to both appellant and his counsel directed 
appellant to certify, on or before August 15, 2005, whether appellant had requested
preparation of the record. See Tex. R. App. P. 34.6(b)(1). We have received no response
to either letter. The trial court clerk has filed a third request for extension, indicating that
appellant still has not paid or made arrangements to pay for the record. 

 The trial court clerk has not filed the clerk's record because of appellant's failure to
pay, or make arrangements to pay, the clerk's fee. The information before the court
indicates appellant is not entitled to proceed without payment of costs because he has not
filed an affidavit of indigence. See Tex. R. App. P. 20.2. Accordingly, pursuant to Rule of
Appellate Procedure 37.3(b), we dismiss the appeal for want of prosecution.

 

 James T. Campbell

 Justice





Do not publish.



, 653 (Tex.
App.--San Antonio 1996, pet. ref'd). So, appellant's contention that the waiver at bar was
involuntary simply because the trial court did not comply with art. 1.051(g) is incorrect and
rejected. 

 As to the matter of appellant being a paranoid schizophrenic and bipolar, he argues
that these conditions prevented him, ipso facto, from intelligently and voluntarily waiving
counsel. No authority is cited for the proposition. Furthermore, it has been held that
evidence of mental impairment, such as schizophrenia, alone does not raise a bona fide
question regarding one's competency to stand trial, understand the proceedings, or assist
in his defense. Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999). If it does not
create an issue in those respects, it alone does not create a bona fide issue regarding
one's mental competency to waive counsel. This is especially so when the defendant is
taking medication to control his mental condition, as appellant was here. So, we reject the
notion suggested by him that evidence of schizophrenia and bipolarity in and of themselves
bar one from waiving counsel.

 Nonetheless, we reviewed the record to determine whether the trial court
admonished appellant about the dangers and pitfalls inherent in self-representation and
discovered that it did so. So too did we discover that the trial court obtained information
about 1) appellant having represented himself in one or two other criminal prosecutions,
2) his twelfth grade education, and 3) his having to comply with the same standards of
conduct as those followed by licensed attorneys. From this, we conclude that evidence
exists supporting the trial court's finding that the waiver was voluntary, knowing, and
intelligent.

Points Three, Four and Five


 In points three, four and five, appellant addresses his competency to stand trial. He
not only urges that the trial court erred in failing "to conduct a separate hearing" to
determine that question but also decries the lack of legally and factually sufficient evidence
to evince his competency. We again overrule these points. 

 As to points four and five, appellant failed to brief them. Instead, he merely
discussed the evidence about his paranoid schizophrenic and bipolar conditions and
contended that it alone created a bona fide issue about his competency to stand trial. And,
because it created such an issue, the trial court was obligated to conduct a hearing to
determine competency. Because he did not brief his fourth and fifth points, they were
waived. Vasquez v. State, 22 S.W.3d 28, 31 (Tex. App. - - Amarillo 2000, no pet); Tex. R.
App. P. 38.1(h).

 As to the matter of the trial court's purported need to conduct a separate
competency hearing, we refer to the holding of the Texas Court of Criminal Appeals in
Moore. Again, evidence of mental impairment, such as schizophrenia, alone does not
raise a bona fide question regarding one's competency to stand trial. Moore v. State, 999
S.W.2d at 395. So, we reject the proposition that simply because the trial court received
information that appellant was bipolar, paranoid, or schizophrenic, it was obligated to
conduct a separate hearing to assess his competency to stand trial. 


Points of Error Six and Seven


 In his final two points, appellant contends that the evidence was both legally and
factually sufficient to support his conviction. In each instance, he posits that the evidence
illustrated his impairment was caused by his mental condition and medication being taken
because of it, as opposed to the ingestion of alcohol. We overrule the points.

 Of record we find evidence that: 1) the arresting officer received a dispatch
informing him appellant was traveling the wrong way on a public highway; 2) the arresting
officer located appellant by description and observed him weave and "bounce" off of the
curb; 3) upon stopping and removing appellant from his car, the arresting officer smelled
the odor of alcohol on appellant; 4) appellant stumbled upon exiting the car; 5) appellant
failed to successfully complete various field sobriety tests; 6) appellant admitted that he
had been "drinking"; and 7) the arresting officer noticed grass and weeds on the door
panels which indicated appellant had been driving off the road or in a bar ditch. 
Furthermore, appellant admitted at trial that he had ingested several beers and a small
amount of whiskey. The foregoing constituted some evidence upon which a jury could
rationally conclude, beyond reasonable doubt, that appellant suffered from mental and or
physical impairment due to the ingestion of alcohol while driving a motor vehicle. 
Accordingly, the verdict is supported by legally sufficient evidence. 

 Admittedly, the evidence mentioned in the preceding paragraph was not free of
contradiction. For instance, appellant interrogated the arresting officer and established that
the report the officer filed showed that the information he had received from dispatch
concerned a white Cadillac when the car appellant drove was a Lincoln. Furthermore,
appellant challenged the arresting officer's determination that appellant was intoxicated
due to the ingestion of alcohol. So too did appellant present evidence suggesting that his
impairment, if any, was due to dehydration and his ingestion of medication. (1) Yet, such
evidence merely created issues of fact for a jury to resolve. It did not overwhelm the
evidence presented by the State evincing intoxication due to the ingestion of alcohol. Nor
was it so weighty as to render the verdict clearly erroneous or manifestly unjust. Therefore,
the verdict does not lack factually sufficient evidentiary support.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice

Do not publish. 

 

1. Interestingly, that appellant cross-examined the officer, uncovered a discrepancy in the report, used
it in effort to impeach the officer, and proffered an explanation for his behavior strongly implies that he
understood the nature of the proceeding and had the ability to assist in his defense. In other words, it
constitutes some evidence supporting the conclusion that appellant was competent to stand trial.